**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 14, 2022**

# In the Court of Appeals of Georgia

A21A1799. SERBAN v. HUNTER.

RICKMAN, Chief Judge.

Evan Hunter filed a petition to vacate or modify an arbitration award entered against him in favor of Nicoleta Serban. Following a hearing, the superior court concluded that it was unable to vacate, modify, or confirm the arbitration award because, inter alia, no arbitration award was submitted into evidence. On appeal, Serban contends that the superior court erred by not considering the award. For the following reasons, we reverse the judgment and remand the case to the superior court for proceedings consistent with this opinion.

The procedural history of this case is undisputed. In February 2019, Serben entered into a contract with Hunter Reising, Inc. for the construction of a new home. Hunter was the CEO or principal of Hunter Reising and signed the contract in that

capacity. The contract contained an arbitration clause. In November 2019, Serban sent Hunter a demand for mediation and arbitration.

At the arbitration hearing, neither Hunter nor any representative of Hunter Reising appeared and ultimately an award was entered on behalf of Serban.. Following the issuance of the award, Hunter filed a petition in the superior court to vacate or modify the arbitration award claiming that the arbitrator erred by naming Hunter, individually, as the respondent. Serban filed a counterclaim seeking, inter alia, confirmation of the arbitration award.

At the conclusion of the hearing on both parties' motions, the superior court requested that both sides submit proposed orders. The following colloquy then took place between Serban's counsel and the superior court:

> Serban's counsel:[T]o the extent that our attachment as Exhibit to our response of the award of arbitration was insufficient, we'd be happy to tender it into evidence.

> Superior Court: Well, when you say you'll be happy to tender it into evidence, evidence has actually closed at this point in time. We were doing closing arguments.

> Serban's counsel: Yeah.

Superior Court: But I understand. You gave me that offer but alright.

The superior court issued an order stating that "no award entered by an arbitration authority was submitted into evidence for this [c]ourt to consider" and concluding that it was unable to vacate, modify, or confirm the arbitration award. It is from this order that Serban appeals.

Initially, we note that at no point was the existence of the arbitration award disputed. The arbitration award was attached as an exhibit to both Hunter's petition to modify the award and Serban's counterclaim. Accordingly, the arbitration award was a part of the pleadings. See OCGA § 9-11-10 (c) ( "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Additionally, the arbitration award was not only made part of the proceedings, both parties in their respective petition and answer admitted to the existence of the award. Considering that the award was both admitted to by the parties and attached to both parties pleadings, the superior court erred by failing to consider the arbitration award at issue solely because the award was not introduced into evidence at the hearing. Because the superior court erred in refusing to consider the arbitration award that is material to the parties' claims, we vacate the judgment and remand this case to the

3

trial court for its reconsideration of the issues presented. See generally *Hearn v. Guarin*, ___ Ga. App. ___ (Case No. A21A1620, decided January 10, 2022).

*Judgment reversed and case remanded. McFadden, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.